**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip Ticktin,               )<br>                                       )<br>          Plaintiff,         )<br>                                       )<br>vs.                              )<br>                                       )<br>                                       )<br>Carole Fabrics, et al.,    )<br>                                       )<br>          Defendants.   )<br>_____) | No. CV-05-2756-PHX-FJM<br><br>**ORDER** |

When plaintiff filed the complaint in this case on September 9, 2005, he was represented by Justin Beresky and John Amorison. On April 25, 2006, we granted Beresky's motion to withdraw as attorney of record, and ordered the clerk to terminate Amorison's status as counsel for plaintiff because Amorison failed to apply for *pro hac vice* status. In the same order, we advised plaintiff to acquire substituted counsel as soon as possible, and ordered that all future notice to the plaintiff be at plaintiff's address alone.

On October 4, 2006, plaintiff filed a "Notice of Service of Plaintiff's First Request for Production of Documents to Defendant" (doc. 30). That notice was signed by plaintiff, and indicated that he was "Pro Se." However, the same document included attorney Rosemary Cook's name, address, phone number and email address in the upper-left corner, and stated that Cook was "Attorney for plaintiff." Both plaintiff and Cook's names appear in the same

1  manner on plaintiff's "Notice of Service of Plaintiff's First Supplemental Disclosure
2  Statement" (doc. 38).

3  Perhaps due to this confusion, defendant Carole Fabrics has served copies of its
4  motion for summary judgment (doc. 31), reply in support of that motion (doc. 41), and
5  "Response in Opposition to Plaintiff's Motion to File First Amended Complaint" (doc. 40)
6  on Cook, instead of on plaintiff. The court itself cannot determine, based on the pleadings
7  before it, whether Rosemary Cook represents plaintiff in this case.

8  If plaintiff is in fact represented by Cook in this case, **IT IS ORDERED** that Cook
9  file a notice of appearance with the court, stating that she will represent plaintiff, within ten
10 days of the entry of this order. Alternatively, if plaintiff intends to proceed pro se, **IT IS**
11 **ORDERED** that all of his pleadings reflect that fact and omit any reference to Cook as
12 "Attorney for plaintiff." **IT IS FURTHER ORDERED** that if plaintiff elects to proceed pro
13 se, defendants serve notice on plaintiff, not on Cook.

14 IT IS FURTHER ORDERED that the clerk send a copy of this order to Rosemary
15 Cook and plaintiff Phillip Ticktin at 16804 N. 113th Drive, Surprise, AZ 85374.

16 DATED this 14th day of November, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 2 -