**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Phillip Ticktin, | ) | No. CV-05-2756-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Carole Fabrics, et al., | ) | |
| Defendants. | ) | |

The court has before it plaintiff's "Motion to File First Amended Complaint" (doc. 33), plaintiff's lodged version of the amended complaint (doc. 35), defendants' response (doc. 40), and plaintiff's reply (doc. 44).

I.

Plaintiff's September 9, 2005 complaint (doc. 1) alleges one claim, defamation, and asserts that defendants are liable for punitive and special damages as a result of their defamatory conduct. Complaint at 2-3. On October 23, 2006, plaintiff moved for leave to file a first amended complaint, arguing that two claims are in fact "being pursued" in his original complaint. Motion at 1. In addition to defamation, plaintiff contends that his original counsel should have included in the complaint a claim for intentional interference with contract and that the parties have been litigating this second claim. Id.

In response to plaintiff's arguments, defendants first contend that the motion should be denied because plaintiff's reasons for requesting leave to amend are false. Response at 3-4. Second, defendants allege that pursuant to Rule 16(b), Fed. R. Civ. P., the motion to amend is untimely. Id. at 5-6. Finally, defendants argue that pursuant to Rule 15, Fed. R. Civ. P., plaintiff's motion is untimely, futile and highly prejudicial. Id. at 6-8. We find that plaintiff's motion is untimely for purposes of Rule 16(b) and that it fails to meet the conditions necessary to modify a Rule 16 scheduling order; therefore, we need not address the remaining grounds for denial.

## II.

A scheduling order entered pursuant to Rule 16(b), Fed. R. Civ. P., gives district courts the authority to establish a pretrial schedule that sets, among other things, the cut-off date for pleading amendments. Once a Rule 16 timetable is established, that order's standards, and not those of Rule 15, Fed. R. Civ. P., control. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992).[1]

### A.

A party may not move for an extension of a pretrial schedule deadline after the original cut-off date in question has passed; rather, it must request a modification of the pretrial schedule prior to the applicable cut-off date. See U.S. Dominator, Inc., v. Factory Ship Robert E. Resoff, 768 F.2d 1099, 1104 (9th Cir. 1985), superseded by statute on other grounds as recognized in Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996). "[A] court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made." Johnson, 975 F.2d at 608 (citing U.S. Dominator, Inc., 768 F.2d at 1104).

A motion filed after the applicable cut-off date may be treated as a "*de facto* motion to amend the scheduling order." Johnson, 975 F.2d at 609. Even so, scheduling

---

[1] Rule 15 provides that after a responsive pleading has been served, "leave shall be freely given when justice so requires." Rule 15(a), Fed. R. Civ. P.

- 2 -

1 orders that precede the final pretrial conference "shall not be modified except upon a
2 showing of good cause and by leave of the district judge." Rule 16(b), Fed. R. Civ. P.
3 That is, a court may deny a motion to modify a scheduling order where the moving party
4 fails to demonstrate diligence in complying with the order and fails to show good cause
5 for the modification. See Zivkovic v. So. Ca. Edison Co., 302 F.3d 1080, 1087-88 (9th
6 Cir. 2002). A party may not invoke its counsel's carelessness as good cause for leave to
7 amend. Johnson, 975 F.2d at 610.

8 Once good cause is shown for purposes of Rule 16(b), the moving party must also
9 demonstrate that amendment would be proper under Rule 15. See id. at 608. Once a
10 defendant has filed a responsive pleading, Rule 15 requires that "leave to amend should
11 be granted unless amendment would cause prejudice to the opposing party, is sought in
12 bad faith, is futile, or creates undue delay." Id. at 607.

13                                      B.

14 In this case, our Rule 16 Scheduling Order set April 28, 2006 as the deadline for
15 motions to amend, and stated that each scheduling order deadline would be "strictly
16 enforced." Rule 16 Scheduling Order (doc. 12) at 2. Plaintiff never requested a
17 modification of this order; instead, he filed a motion to amend nearly six months after the
18 amendment cut-off date. Therefore, we deny plaintiff's motion as untimely.

19 We would reach the same conclusion even if, alternatively, we treated plaintiff's
20 motion as a *de facto* motion to modify the scheduling order. Plaintiff argues that we
21 should permit amendment because his counsel at the time the original complaint was filed
22 failed to identify the legal theories at issue in the complaint, see Motion at 1, and his reply
23 alleges that Rule 15's liberal amendment policy justifies the granting of his motion.
24 Reply at 2.

25 These arguments fail to demonstrate that plaintiff diligently attempted to comply
26 with our scheduling order. In fact, neither plaintiff's motion nor his reply assert that
27 plaintiff even attempted to meet our amendment deadline. Additionally, even if we found
28 that plaintiff's original counsel acted carelessly, that reason alone would not constitute

1 good cause to modify our scheduling order. Finally, invocation of Rule 15's liberal
2 amendment policy is inapplicable, as it only comes into play once a party has met the
3 burden of overcoming a Rule 16 scheduling order deadline.
4     For these reasons, we find that plaintiff has failed to demonstrate the diligence and
5 good cause necessary for us to deviate from our Rule 16 schedule, and we deny plaintiff's
6 motion on this alternative ground. Having concluded that plaintiff failed to meet his
7 burden under Rule 16's good cause standard, we need not discuss his ability to conform to
8 Rule 15.
9     **THEREFORE, IT IS ORDERED DENYING** plaintiff's motion to amend the
10 complaint (doc. 33).
11     DATED this 4th day of January, 2007.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge