**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Phillip Ticktin, | ) | No. CV-05-2756-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Carole Fabrics, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it defendant Carole Fabrics' motion for summary judgment (doc. 31) and statement of facts (doc. 32); plaintiff's response (doc. 37) and statement of facts (doc. 36) and defendant's reply (doc. 42). For the reasons stated below, we grant defendant's motion.

Defendant Carole Fabrics sells window covering. Plaintiff worked as a Carole Fabrics Territory Sales Representative from August 1998 until on or about March 3, 2003. See Plaintiff's Statement of Facts at 4 (citing Affidavit of Phillip Ticktin at 1). Plaintiff failed to secure new employment in the window covering industry, and suspected that "somebody was doing something to keep [him] from working." Defendant's Statement of Facts at 4 (citing Defendant's Exhibit A ("Deposition of Phillip Ticktin") at 162-63).

As a result, plaintiff's former counsel John Amorison hired private investigator Tom Hergott. Defendant's Statement of Facts at 4 (citing Deposition of Phillip Ticktin at 40). Per

1  Amorison's instructions, Hergott contacted Bob Johnson, Carole Fabrics' Regional Sales
2  Manager, on September 20, 2004, and posed as an agent for a company that was
3  contemplating hiring plaintiff. Defendant's Statement of Facts at 5 (citing Defendant's
4  Exhibit L at 1). During his conversation with Hergott, Johnson stated that he would not re-
5  hire plaintiff. Complaint (doc. 1) at 2. Plaintiff alleges that statement "slandered and
6  defamed" his reputation. Id.

7  Plaintiff's complaint alleges one claim for defamation, and asserts that defendants are
8  liable for punitive and special damages as a result of their defamatory conduct. Complaint
9  at 2-3. On January 4, 2007, we denied plaintiff's motion to amend his complaint, in which
10 he moved to add a claim for intentional interference with contract. See January 4, 2007
11 Order (doc. 60).

12 Defendant argues that plaintiff cannot state a defamation claim, nor any damages
13 arising from that claim, for four independent reasons: (1) defendant's statements were true;
14 (2) the statements were non-actionable opinions; (3) the statements were published only to
15 plaintiff's agent and (4) defendant did not cause plaintiff to suffer reputational damages. See
16 Motion for Summary Judgment at 2. We need only reach defendant's contention that its
17 statements are not actionable because they were published only to Hergott, plaintiff's agent.
18 See id. at 10.

19 "A defamation action compensates damage to reputation or good name caused by the
20 publication of false information." Godbehere v. Phoenix Newspapers, 162 Ariz. 335, 341,
21 783 P.2d 781, 787 (1989). "To be defamatory, a publication must be false and must bring
22 the defamed person into disrepute, contempt, or ridicule, or must impeach plaintiff's honesty,
23 integrity, virtue, or reputation." Id. However, "[c]onsent is a complete defense to
24 defamation." Mullenaux v. Graham County, 207 Ariz. 1, 7, 82 P.3d 362, 368 (App. 2004).

25 A publication may not be actionable as defamation where the communication answers
26 a letter or request from the allegedly defamed person's agent. Restatement (Second) of Torts

1  § 577 cmt. e (1977).[1]  Absent controlling authority, Arizona follows the Restatement. Recovery for defamation will be denied when a plaintiff has "invited or instigated the publication of defamatory words," because in such a case, the plaintiff has consented to the defamation. Prosser & Keeton on The Law of Torts § 114, at 823 (5th ed. 1984); see also Kelewae v. Jim Meagher Chevrolet, Inc., 952 F.2d 1052, 1055 (8th Cir. 1992). We thus conclude that statements solicited by a plaintiff's agent, and published only to that agent, cannot form the basis of a defamation suit.

While plaintiff cites the applicable Restatement section comment, he omits the very portion of that comment applicable here. See Response at 6 (omitting the statement "if the communication is in answer to a letter or a request from the other or his agent, the publication may not be actionable in defamation" from its citation to Restatement (Second) of Torts § 577 cmt. e (1977)).[2]  Therefore, his argument is both unresponsive and unpersuasive.

Neither party disputes that the allegedly defamatory statement which forms the basis of this action was solicited by plaintiff's agent, at plaintiff's counsel's request. It is also undisputed that the statement was only published to plaintiff's agent. As a result, it is not actionable.[3]

---

[1] The Restatement *contemplates* that publication to an agent instigated by the agent may not be actionable as defamation. See Restatement (Second) of Torts § 577 cmt. e (1977). However, it does not "clearly state," as defendant asserts, that this kind of publication is *never* actionable. See Reply at 8. Therefore, in deciding this issue, we do not rely on the Restatement alone.

[2] As defendant notes, see Reply at 7 n.3, plaintiff also cites to inapplicable Restatement comments. See Response at 6 (citing § 577 cmt. i and l).

[3] Although plaintiff's complaint refers to only one defamatory statement, both parties allude to allegedly defamatory statements. See Response at 3; Reply at 7. However, whether defendant defamed plaintiff through one statement or several is immaterial. Neither party disputes that the defamatory communication was spoken by Johnson, instigated by Hergott, and published to no one other than Hergott.

- 3 -

**THEREFORE, IT IS ORDERED GRANTING** defendant's motion for summary judgment (doc. 31).

DATED this 21st day of February, 2007.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge